**So Ordered.**

**Dated: July 14th, 2021**



*Frederick P. Corbit*

**Frederick P. Corbit**
**Bankruptcy Judge**

KEVIN O'ROURKE
SOUTHWELL & O'ROURKE, P.S.
Attorneys at Law
960 Paulsen Center
W. 421 Riverside Avenue
Spokane, WA 99201
(509) 624-0159

UNITED STATES BANKRUPTCY COURT

IN AND FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | No.: **21-00250-FPC11** |
| **JAMES E. CARPENTER,** | Chapter **11** |
| Debtor. | **FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING CONFIRMATION OF DEBTOR'S CHAPTER 11 SUBCHAPTER V PLAN OF REORGANIZATION** |

THIS MATTER come on for hearing on July 14, 2021 for confirmation of Debtor's Chapter 11 Subchapter V Plan of Reorganization filed on May 24, 2021 (ECF No. 79) (the "Plan"). Southwell & O'Rourke, P.S. appearing for Debtor. The court having reviewed the Debtor's Plan and the Declaration of James E. Carpenter, and having heard the arguments of counsel, makes the following FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. Debtor filed this Chapter 11 Subchapter V proceeding on February 25, 2021 (ECF No. 1).

2. Debtor filed its Plan on May 24, 2021 (ECF No. 79). The Plan contains a brief history of the business operations of the Debtor, a liquidation analysis, and projections with respect to the ability of the Debtor to make Plan payments. The Plan provides for the submission of future income to the supervision and control of the

Findings of Fact and Conclusions of Law-1

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

21-00250-FPC11   Doc 125   Filed 07/14/21   Entered 07/14/21 16:13:22   Pg 1 of 5

trustee as is necessary for the execution of the Plan. As such, the Plan complies with 11 U.S.C. §1190.

3. Debtor gave proper notice of his Plan and the Hearing on Confirmation of the Plan to creditors and parties in interest as required by FRBP 2002, LBR 2002-1, and LBR 3018-1, as well as other applicable provisions of the bankruptcy code and the Federal Rules of Bankruptcy Procedure by serving the Plan, List of Classifying Claims and Interest, and Ballot. Proof of service of such notice was filed with the court on June 1, 2021 (ECF No. 82).

4. The hearing on confirmation after notice to creditors was held on July 14, 2021.

5. The following classes of claims are impaired under the plan:

Class 2: Grant County

Classes 3 through 5: Washington Trust Bank

Class 6: Zoila Olivares

Class 8: The Allowed General Unsecured Claims Against the Debtor

Class 9: Ally Bank

Class 10: Guardianship Estate of Doris Carpenter

6. Debtor properly filed a Ballot Summary on July 6, 2021 (ECF No. 103) (the "Ballot Summary"). The Ballot Summary indicates that all Classes voted in favor of the Plan. There were no Classes that voted against the Plan.

7. No ballots other than those identified in the Ballot Summary have been received by Debtor.

8. Any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, has been approved by, or is subject to the approval of, the court

Findings of Fact and Conclusions of Law-2

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

21-00250-FPC11   Doc 125   Filed 07/14/21   Entered 07/14/21 16:13:22   Pg 2 of 5

as reasonable. Any and all payments for professional services, including authorization required by 11 U.S.C. §327 and 330, shall remain subject to bankruptcy court approval notwithstanding confirmation of the Plan.

9. Debtor shall continue the operation of his sole proprietor business Carpenter's Rentals after confirmation of the Plan. The net proceeds and income from Debtor's business operations shall be used by Debtor to pay creditors as provided by the Plan.

10. The Debtor's Plan contains a Liquidation Analysis, which in a liquidation scenario, projects that all creditors shall be paid in full. As such, the creditors who are impaired by the plan, and who did not vote for the plan, will receive not less than the amount they would receive in a liquidation, as required by 11 U.S.C. §1129(a)(7).

11. No government regulatory commission or agency is required to approve the Plan or terms of the Plan.

12. Debtor's Plan satisfies the requirements of 11 U.S.C. §1129(a)(7) in that each holder of a claim or interest has accepted the Plan or will receive or retain under the Plan property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would receive or retain if Debtor was liquidated under Chapter 7 of the Bankruptcy Code on such date.

13. No 11 U.S.C. §1111(b) elections have been made by any secured creditor.

14. With respect to the class of claims that did not vote for the Plan, the Plan does not discriminate unfairly, and is fair and equitable, with respect to such class of claims as required by 11 U.S.C. §§1129(b)(1) and 1191(b). As stated above, the Plan calls for the Debtor's payment of its disposable income to creditors over a period of 3 years. Furthermore, the Debtor has provided a Plan Budget, Monthly Operating

Findings of Fact and Conclusions of Law-3

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

21-00250-FPC11    Doc 125    Filed 07/14/21    Entered 07/14/21 16:13:22    Pg 3 of 5

Reports and the Declaration of Debtor, which demonstrate the Debtor's ability to make his Plan payments.

15. Administrative priority claims described by 11 U.S.C. §503(b) and 11 U.S.C. §507(A)(2) are provided for as required by 11 U.S.C. §1129(a)(9).

16. The Plan has been accepted in writing by at least one non-insider class of impaired creditors as required by 11 U.S.C. §1129(a)(10). The provisions of Chapter 11, Title 11 of the United States Code have been complied with, and the Plan complies with all provisions of Title 11 of the United States Code as well as other applicable law.

17. Confirmation of the Plan is not likely to be followed by liquidation, or the need for further financial reorganization of Debtor.

18. This was a voluntary Chapter 11 filing by the Debtor. As such, no fees are due to any involuntary creditors.

19. The Debtor does not owe child support or domestic support obligations.

20. The Debtor has no unpaid wage claims nor claims for commissions.

21. The Debtor does not owe claims for non-payment to any employee benefit plan.

22. The Debtor does not operate a grain storage facility.

23. The Debtor does not owe a debt to fishermen.

24. There are no claims made by any creditors for pre-petition deposits for purchase or lease of products for any creditor's personal family or household use.

25. The Debtor does not owe the bankruptcy court for any fees.

26. Debtor is not paying retiree benefits; therefore, no retiree benefits will be affected by the Plan.

Findings of Fact and Conclusions of Law-4

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

21-00250-FPC11    Doc 125    Filed 07/14/21    Entered 07/14/21 16:13:22    Pg 4 of 5

27. Debtor's Plan should be confirmed. The provisions of Chapter 11 have been complied with, and the Plan has been proposed in good faith and not by any means forbidden by law.

28. The requirements for confirmation of the Plan imposed by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure and other applicable law, including the requirements of 11 U.S.C. § 1129, have been met.

29. The effective date of the Plan will be the first business day following the date on which the confirmation becomes a final non-appealable order. Debtor is authorized and directed to begin consummation of the Plan on the effective date.

30. The Plan is confirmed with the following changes:
    a. Southwell & O'Rourke is authorized to serve as disbursing agent for the net proceeds of any court approved real and/or personal property sales.
    b. Pursuant to Article 10, any written notice of default shall also be served upon Virginia Andrews Burdette.

/ / / END OF ORDER / /

Presented by:

SOUTHWELL & O'ROURKE, P.S.

BY: /s/ Kevin O'Rourke
    KEVIN O'ROURKE, WSBA #28912
    Attorney for Debtor

Findings of Fact and Conclusions of Law-5

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS AT LAW
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

21-00250-FPC11    Doc 125    Filed 07/14/21    Entered 07/14/21 16:13:22    Pg 5 of 5